Good morning, Your Honors. May it please the Court, my name is Zachary Nightingale, attorney for Petitioner Alberto Quintero, who is in court today with his wife. This Court issued a very important decision just yesterday, which fundamentally affects the first time, this Court has now indicated there's a two-pronged test for a crime involving moral turpitude. The first, it has to involve acts that are inherently base, vile, or depraved. And, not or, but and, there must be an intent, a willful motive, or an evil motive, such as fraudulently, lewd, and lasciviously with corrupt mind. If you're talking about Fernandez-Ruiz, first of all. Thank you, Your Honor. I'm talking about Fernandez-Ruiz. We did submit this just this morning to 28J. And our belief is that this decision directly affects the analysis of California 261.5, both CND, which are both at issue in this case, because it is a general intent crime. In other words, one could violate the statute with reckless disregard to the age of the victim and still be convicted. One need not know the age. Counsel, let's say we agree with you on the general proposition of the two-pronged test now being law of the circuit. What do we do about Efridi, the Efridi case? Efridi, Your Honor, addresses only the aggravated felony question of sexual abuse of a minor. So I will be happy to get to that in a moment, but I'm focusing first on crime involving moral turpitude, because Efridi never had to decide that. And fundamentally, the category of aggravated felony and the category of moral turpitude, they intersect, but they aren't coextensive. There are offenses that are moral turpitude that are not aggravated felonies, and there are offenses that are aggravated felonies that are not moral turpitude. So I think they have to be distinct analysis. Although Judge Reinhardt in his opinion yesterday did indicate that circuit precedent generally requires willfulness or evil intent, they do cite cases where a crime involving the willful commission of a base or depraved act is a crime involving moral turpitude.  I was focused on evil intent, and it seemed to be particularly absent in a case of either here or in the Estrada-Espinosa case that we're going to hear in a little bit. But is the mere willfulness of the act, which turns out to be, because of age differences, base and depraved, sufficient to get you to moral turpitude? It does not, because one could violate the statute intending to engage in the sexual act, but without knowledge of the age of the victim. In other words, the intention applies to an act that isn't inherently base, vile, or depraved. It only becomes – assuming it even becomes that, which we argue it does not, but even if it were, the intent doesn't apply to knowledge of the age of the victim. So you don't intend to violate the act by engaging in a sexual act with someone under 18 or under 16. You intend to engage in a sexual act. The willfulness component doesn't apply to the knowledge, because it's a general intent crime. You don't have to – if at trial, the prosecutor wouldn't have to prove the defendant knew the age of the victim, it's an affirmative defense that only that the defendant had a good faith, reasonable belief that the victim was over 18, but that's not an element of the crime. So you don't have the willful intention to engage in an act that's inherently base, vile, or depraved. That's similar to the examples later in this – in the same case later on, where a simple battery isn't inherently base, vile, or depraved, even though it's a battery, even though it's illegal. So you would contend that under the Fernandez-Ruiz rationale, not only do you not have an aggravated felony here, but you don't – or abuse of a child, you don't have an act of moral turpitude. I agree with that statement, although it goes beyond what I've said heretofore. I believe Fernandez-Ruiz is on all fours with it's not a crime involving moral turpitude. That's determinative in this case, because the only charge of removability was for a crime involving moral turpitude. If it's not a crime involving moral turpitude, the case ends. You don't have to reach aggravated felony. Counsel, the way the BIA put this is they say the court concludes that Respondent's conviction under CPT 261.5d, which is for the most serious offense in 261.5, is not for conduct that is abusive in the ordinary, contemporary, and common meaning of the word. It is abusive for an adult 21 years of age or older to engage in sexual intercourse with a minor who is 15 years old or younger. Regardless of the general statements in Fernandez-Ruiz that there's a limit to how powerful any particular panel of the court is when it's speaking generally as opposed to specifically to the case before it. And I wonder if that really overcomes a Freedy and the analysis of the BIA. Are you referring to the analysis of the BIA in this case, Your Honor? Because I believe the BIA summarily affirmed the judge's decision. There is no BIA analysis in this case. I was looking at the earlier decision of the immigration judge. The immigration judge. So this court doesn't need, first of all, doesn't defer. I think there are two questions, if you don't mind a follow-up. One is, do we even reach the Freedy issue with regard to sexual abuse if we find in your favor I'm morally interpreted? You do not. And can you explain to me why? Because the first question in this case is, is the petitioner subject to removal? The ground of removability in this case is actually a ground of inadmissibility because he was charged returning to the United States. The ground of inadmissibility is a conviction for a crime involving moral turpitude. That's the only ground of inadmissibility or removability at issue in this case. If he is not inadmissible, he is not removable, and there is no removal case, and the proper remedy is termination. Under your theory then, which I think is right, that we would only reach this precise issue of the sexual abuse of the minor if we got to waiver, which we don't need to reach because he wasn't removable in the first instance. That's correct. So when the judge engaged in her analysis and in the Miranda decision, this court found that where the board A woes, you don't defer to the judge, but because there is a written judge decision, that analysis dealt solely with sexual abuse of a minor on the aggravated felony question. It didn't have the benefit of either a Freedy or Lopez Solis, the subsequent decision from this court in a criminal sentencing case that found 261.5 not to be sexual abuse of a minor. So there's actually two divergent decisions from this court that reach directly opposite conclusions. I believe that should be unified, and with due respect to this court, I would note that the Lopez decision is pending before the Supreme Court. The Lopez case pending before the Supreme Court right now deals with a similar divergence of interpretations of what is drug trafficking for aggravated felony. And in Lael Cal in footnote 8, the Supreme Court said there shouldn't be a split analysis, and although it wasn't directly on issue there, and I believe in the Lopez decision, it's very likely since there's also a split analysis, the court will reach that. And I think the Supreme Court will indicate how to resolve when immigration reaches one, when immigration cases reach one conclusion, and criminal sentencing cases reach another conclusion. That is only on the sexual abuse of a minor aggravated felony question, which, as we've just discussed, the court need not reach if it finds it's not moral turpitude. I have only a minute left. I would like to reserve some time. Yes, but let me ask you this, because I think there are two questions with the Freedy. One, we don't need to reach it if we're just dealing with the second part. But then I think maybe what Judge Kleinfeld was asking in a different way, to what extent does a Freedy inform our decision about moral turpitude? There are many factors that a Freedy did not consider, some of which were considered in Lopez-Solis, which we filed with the 20HA, and others we briefed which were not considered either, such as looking at Federal jurisdiction, looking at the other states, looking at the fact that 14-year-olds can marry in about eight states, that 37 states set the, quote, unquote, age of consent at 16. There is a consensus that below 14, not okay. There seems to be a consensus that 16 and 17 is not abusive, because it's legal in almost, in most places. And there are. Counsel, I had a problem with that argument. Let me tell you what it is so you can respond to it. The difference in states argument. If you look at whether the offense is a really bad offense, like if you were trying to find out if it was mens rea or something of that nature, looking at what other states did would be informative. But let's suppose you have an offense that's a crime in Alaska, but it's not a crime anywhere else, or it's a crime in California, but it's not a crime anywhere else. You might be looking at not the offense conduct, but at the willingness to break the law conduct. You can, you might be able to smoke in a restaurant in one place but not another. And if you light up in both places, we're not talking now about moral turpitude, but if you light up in both places, it tends to show you a scoff law even though there is no consensus, or even if there is no consensus that smoking cigarettes is against the law everywhere. And that might be relevant to a discretionary decision by a judge whether to grant somebody a waiver, but that can't be relevant to the question of does it inherently involve acts that are base, vile, or depraved. Just because it's illegal and you're breaking the law doesn't make it moral turpitude. So I don't subscribe to the quote, unquote lowest common denominator analysis. That's not why I suggest that 14 should be the rule. I suggest that because when you look at all the states and federal, there is no allowance for below 14. So there's a consensus that that is a line. And what I propose is that 14 or 15, it may or may not be abusive. This is on the sexual abuse of a minor aggravated felony question. And then that's where a court would apply the modified categorical approach to look at the record and see if there's evidence whether that was an abusive situation, since there seems to be not a clear consensus at 14 or 15, whereas 16 and 17, California allows, California regulates it. You can engage in the acts if you're married. You have a marriage license, you get married, you can engage in the acts. If they were so inherently abusive, they wouldn't be allowed under any circumstances. So it's akin to a regulation, you need a permit. That permit is the marriage license. And virtually all states have that rule for 16 and 17. That shouldn't even be, that should be categorically not abusive, when you look at the fact that it's legal under certain prescribed circumstances. So it can't just be, it can't be inherently abusive. That's why I propose that you may not be able to reach that conclusion at ages 14 and 15, but given that it's also permitted in many places, California, Texas, with a marriage license, two of the biggest states, clearly there are some circumstances where a sexual act with a 14 or 15-year-old is nonabusive. There may very well be other circumstances where it is. And that's where the Court should look at the record under the modified categorical approach and then can make a determination. Maybe it is, maybe it isn't. But there can't be a bright, a clear rule in every case, because there is a range. And that's why I think Afredi is wrong. I apologize. I've gone way over my time. No, that's all right. Our questions took you over. So thank you. We'll give you a little bit of time. Thank you. May it please the Court. My name is Ernesto Molina with the Office of Immigration Litigation of the United States Department of Justice, and I represent Respondent Alberto Gonzalez in this case. Now, in this case, the Court has raised essentially two major questions. First is whether or not this is now a crime involving moral turpitude, whether the Fernandez decision of yesterday has altered the landscape of this Court's jurisprudence. So what do you think? The answer is no, Your Honor. The authority of a panel to dictate law for the circuit is fairly circumspect. It can deal with the issue that's directly before it, and it can come up with tests that help understand that decision, but it cannot cast aside prior precedent that has looked at the issue and gone a different way, merely because it decides to generate a new test. In this case, this particular offense of statutory rape, in particular the California statute, has been a crime involving moral turpitude since the 1920s, as decided by this Court in the Bendell case. Now, the Bendell case, while its reasoning is very brief, is also very precise. It says that the California statutory rape law represents a codification of the common law offense of rape, with the only difference being a slight raising of the statutory age of consent. The Court then said, because of that, it is a rape still, but it's not a crime. And it is, therefore, a crime involving moral turpitude. There's nothing ambiguous about that decision. There's nothing improper about that decision. In fact, that decision comports largely, even with what Fernandez-Ruiz has decided, which is that crimes that have traditionally been a matter of common law, theft offenses, larceny, things of that nature, generally carried with them this moral repugnance, this baseness, this vileness, this acting contrary to the mores established by the State. With that --" Roberts, excuse me for a second. I'm sorry, Your Honor. I thought that, have I got the right? I thought Bendell involved a case out of Maryland. I'm sorry, Your Honor. Bendell did involve a case out of Maryland. The Scopys case versus Carmichael was that. I'm sorry. I apologize for that confusion. So I reduce it from 75 years to at least 50 years, 60 years in front of this Court. You confuse me because I didn't think that Bendell was construing the California statute. Oh, I'm sorry. No. But the Board has since relied on Bendell in various cases. That was brought up in a 28J letter by opposing counsel. It stands as good law and in this Court is not contrary to the general notions of what a crime involving moral turpitude is. So the answer, I think, to the first question is no. The Fernandez panel has not wiped clean the slate of this Court's jurisprudence. It has provided a test that can be used in the future to help decide in appropriate cases what it can be. But if another panel felt that that test didn't fit for one reason or another, it wouldn't be inclined to fit it. For example, common law rape frequently just had a general intent to have sex. And if consent wasn't given, then it was clear that there was a rape. There seems to be no question about that. So there's no need to give Fernandez more expansive reading than it is, that simple assault under the Arizona statute did not require base or vile behavior. Well, it does seem to add a test on moral turpitude as a general matter. Would you agree with that? But there had to be some evil motive and not just a strict liability sort of crime. Well, the requirement of a base or vile intent has always been part of the crime involving moral turpitude. The Supreme Court explained that in Jordan v. DeGeorge. So that really doesn't represent any type of a novel application. It's simply just a further clarification. Therefore, the panel cannot wipe clean what this Court has previously decided. I'd like to ask you a question about Afridi and sexual abuse of a minor. Did Afridi get its calculus wrong in the sense that didn't they reach the conclusion that sexual intercourse plus age equals abuse? And isn't that missing one of the steps, in other words, determining whether or not under the circumstances there was really abuse? Not exactly, Your Honor. You see, this Court's jurisprudence, since at least Barone Medina, has always acknowledged that using children for sexual gratification, sexual arousal, is corrupt in its words. And that has been applied by every panel since, albeit now the age has crept up from the age of 14 to anybody under the age of 16. And that's United States v. Granbois, United States v. Alvarez, et cetera. So what's happened is in this particular circuit, this Court has always considered sexual intercourse with a minor under the age of 16 to be abusive. This Court in Lopez-Solis acknowledged that and said this Court has uniformly found that sexual behavior with a child under 16 is abusive. The Court then just said when it comes to a child of 17 or 18, maybe not so much. So the Court's own jurisprudence has now carefully drawn a line, whether that line is correctly drawn there is one question, but what is clear is that the landscape of this Court's jurisprudence is clear. Sexual intercourse with a child 16 or below is uniformly sexual abuse of a minor. But a Freedy involved a 17-year-old, correct? A Freedy involved a 17-year-old, but a Freedy also involved a situation in which to the Attorney General's decision. And because the Attorney General's decision was very consistent with other sexual abuse of minor statutes in the United States Code, there seemed to be no real problem with it. In fact, this Court looked at the actual definitions of the term sexual abuse of a minor used by the Board, and found each one of them correct and appropriate. In fact, many of them were the same definitions used by this Court in Barone, I can't remember it now, Barone Medina, in Pajaros Galan. These same definitions were used. And this Court looked at that, said there's no problem with them relying on our circuit court, that's fine. Is the basic idea there, as I remember of Freedy, it's something like if the age of majority is 18, then it's a minor, under 18. There's no question that sexual intercourse is sex. Whether it's abusive or not, well, California says it is. That's about it. Is that the logic? That's more or less the logic in a nutshell, Your Honor. And, you know, that does bring up a very important point, which is Petitioner's state of California, both to the California Supreme Court and to the United States Supreme Court, that the purpose of 261.5 was to limit teenage pregnancy. But that's sort of a misstatement of what the Supreme Court said. The Supreme Court said that because the classification of applying it to a female versus a male child is at issue, there has to be a justification, a sufficient justification. The Court acknowledged there could be many justifications for this statute, including moral ones, safety ones, et cetera. But the one that the State says it's defensible on was the fact that it was closely related to preventing teenage pregnancy. So if the female is 21 and the male will be 18 tomorrow and they engage in sexual intercourse today, is it an abuse of a minor, sexual abuse of a minor? Under the California statute, Your Honor, no. Why not? Because I think the California statute limits it to sex with a female that is under age. That was the point of the Michael M. v. Superior Court case in the Supreme Court. Now, with that, that still leaves this. Don't you find this all troubling in terms of administering a national law? And especially, I realize that the nationalization clause doesn't come into play very often. But with the whole idea, whether it be in criminal law or in immigration law, is that we establish a uniform way of evaluating these statutes. So you don't have a contrary result in Tennessee and California on generic statutes. And then if, just as a matter of the categorical approach, and of course, if you can prove by the use of the modified categorical approach that something was abusive, but clearly under our case law, it seems to me you have a different result whether or not the crime occurs in California or Tennessee. No, Your Honor. You don't think so? The issue is whether the person would be convictive of an offense. But that's the price of federalism. When you live in a particular state, you're subject to that state's laws. If you violate that state, you take that on. Now, what Congress has said, as much as His Honor Judge Kleinfeld has raised, is if you fail to comport yourself in an orderly manner, respecting the laws of the United States in particular ways, as defined by aggravated felonies, the aggravated to remain here in the United States. Well, sure. But the Supreme Court, through Taylor, has said, as a matter of federal law, we're going to establish some uniformity. And if we're going to credit the state convictions as under federal law, they have to meet certain criteria. That's exactly what the Supreme Court did in Taylor. Right. And that's why now the Court tries to generate either a generic definition or look at the common everyday terms so that a baseline is set. If a person violates a crime that crosses that baseline, that crosses that threshold, they've taken on the federal law at this point. Right. And what we're talking about today is how to define the threshold here. Exactly. For the purposes of federal law, not state law. That is correct. But that's why we look at the common everyday meaning. If any particular state violates or sets forth a law that an alien violates, and that statute meets that common definition. Well, sure. But isn't that squarely where we are in this case? Well, in this case and others on the calendar, is the California definition, does it comport with what we view as the national standard for either sexual abuse of a minor, if we're talking about that, or moral turpitude, as we call it? But that is why Taylor has been formulated. The Supreme Court realized that variance is not desirable. It's inherent and will never disappear because we have a federal system. But here's how it gets resolved to the best extent possible. You know, in, for example, a theft offense. States variously define what a theft offense is. But when the court generates a generic definition, sometimes a state offense is going to fall in there. Some states aren't going to define that offense. That's not what matters. What matters is the federal government has set forth a uniform standard so that everyone is on notice that they should violate no laws that fall within that category. Whether their particular state punishes it or not is one thing. But if they decide to take on that state law, they're on notice that there's a threshold out there that they are in danger of falling into, and not real danger by clear meaning, by generic definition. You said earlier that California has defined statutory rape as sexual abuse of a minor, and that's it. And that's sort of the Afridi approach, I guess. Does the California statutory rape statute also define it as a crime of violence? As a crime of violence? That's it. I'm unaware of whether it defines it as a crime of violence, Your Honor. But as the government has pointed out in its 28J letter and its supplemental brief, the California legislature has said that 261.5d, sex with a child under 16, is sexual abuse of a minor. It's not ambiguous. It's fairly clear. The legislature has made that judgment. But they haven't made the judgment as to the 16 to 18 category. 261.5c is not listed under the sexual abuse of a minor statute. To my memory. I mean, I know specifically that d is. And in the provisions I was looking at, I did not see c, but it looks like they meant d but not c. So at least in this particular case, we have the California courts drawing the exact same line that this court has drawn in its precedent, that Congress has drawn in 18 U.S.C. 2243 and 44, which is sex with a child between 12 but under 16. Older than 12, but younger than 16. So if Congress is in congruity with this Court's precedent and the State of California, it seems that all indicators point towards this is sexual abuse of a minor under the common everyday meaning, which is what Afridi said was the Board's permissible interpretation, which under this Court's own precedent, when it decides criminal cases de novo, is the exact same result in United States v. Grandbois, in United States v. Alvarez. There seems to be no dispute about this. For that reason, the government has to continue to submit that at least in this case, under 261.5d, under precedent of this Court, under Congress's clear statements, under California's intent, by all measures, this is sexual abuse of a minor. There's no need to redo the landscape. Everyone is clear on this, and there's no confusion. One last question. Do you agree with opposing counsel that analytically we decide first the crime of moral turpitude issue, and if we decide it's not a crime of moral turpitude, that ends the discussion? If we decide it is, then we go to sexual abuse of a minor on the waiver issue. Before the REAL ID Act, Your Honor, I would have expressed some disagreement, but after REAL ID, knowing that questions of law are squarely before this Court, if the ground of removability does not stand, then there's no basis or any need to go to relief from removal. Any further questions? Thank you, counsel. Thank you. We'll give you a couple of minutes for rebuttal. I only need a brief moment, Your Honor, just to re-clarify that the abuse analysis for aggravated felony and sexual abuse of a minor is distinct from the moral turpitude analysis, which goes to intent. And I'd like to clarify that the last time this Court looked at moral turpitude, the Schoeps decision, it involved not the 261.5 statute issue, but the 288A, and the victim was a 7-year-old. It's not the same issue this Court is now being asked to address. Furthermore, the California 261.5 has been amended to equalize the gender applicability. And when that amendment was made, the legislature explicitly justified the existence of the law as to deter unwed teenage pregnancy. So we're not just relying on a Supreme Court rationale, but an explicit finding by the legislature again emphasizing it's a regulatory-type law, not a morality law. And so all of the questions of Afridi, Lopez-Deliz, and Valencia, and Grandbois don't even come into play on the primary question of moral turpitude, which I think we're in agreement has to be reached first by this Court. That's all I'm going to address. Thank you, counsel.
judges: Kleinfeld, Thomas, Leighton